UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>4D FACTORY INC.,<br><br>        Debtor.¹ | Chapter 11<br>(Subchapter V)<br><br>Case No. 23-11618 (MEW) |

-----------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>THE 4D FACTORY LLC,<br><br>        Debtor.² | Chapter 11<br>(Subchapter V)<br><br>Case No. 23-11619 (MEW) |

-----------------------------------------------------------------X

**DECLARATION OF CORT JAVARONE PURSUANT TO
RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES OF THE SDNY**

　　　Cort Javarone, declares under the penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746 that the following statements are true and correct:

　　　1.　　I am the Managing Member of The 4D Factory LLC ("4D LLC") the ultimate parent company and sole owner of 4D Factory Inc. ("4D Inc.") (4D Inc. together with 4D LLC, the "Debtors").

　　　2.　　I submit this declaration (the "Declaration") pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") in support of the Debtors' petitions for relief under subchapter V of chapter 11 of title 11

---

¹ The last four digits of 4D Factory Inc.'s federal tax identification number is 6770.
² The last four digits of The 4D Factory LLC's federal tax identification number is 8935.

1

of the United States Code (the "Bankruptcy Code"), filed on October 10, 2023 (the "Petition Date").

3. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by professionals retained by the Debtors (including, Spence Law Office, P.C.) and my opinion based upon experience, knowledge, and information concerning the operations of the Debtors and their industry as a whole. I am authorized to submit this Declaration on behalf of the Debtors. Unless otherwise indicated, the financial information contained in this Declaration is unaudited.

### The Debtors' Business and Circumstances Leading to Chapter 11 Filing

#### Company Overview

4. Founded in 2017, the Debtors and their non-debtor affiliates (collectively, the "Company"),[3] *inter alia*, are engaged in acquiring platforms and applications developed from the Debtors' global sources of deal flow and intellectual property ("IP") to execute a strategy in the mobile industry. The parent company, 4D LLC, is structured as a holding company, enabling ownership of IP and assets to be combined and realize enterprise value and liquidity events for the benefit of all stakeholders. 4D LLC acquired a majority stake in the game developer Neon Media, LLC in 2020, which commenced development of a video game based on branded IP, now 80% complete, funded with over $5 million investment guaranteed by 4D. Throughout 2021, 4D also invested in a project at Neon Media that was spun out into an affiliate of the Company, called

---

[3] The Debtors' non-debtor affiliates are: (i) Centili Limited (an entity organized under the laws of the United Kingdom) and its subsidiaries, entities organized under the laws of Malaysia, Serbia, Croatia and Thailand (collectively, "Centili"); (ii) Neon Media LLC, an entity organized under the laws of the State of Washington ("Neon Media"); (iii) Neon Machine Inc., an entity organized under the laws of the State of Delaware ("Neon Machine"). For purposes of this Declaration, "Company" shall refer to the collective business enterprise of the Debtors and the non-debtor entities.

2

Neon Machine in October 2022, maintaining 4D LLC as the majority shareholder, that has since been funded with $28 million by venture capital and other investors.

5. In 2021, 4D LLC forged a critical partnership with, and signed a contract to acquire, an approximate $500 million mobile technology company, expected to be closed with approximately $275 million in cash plus stock, which 4D LLC then proceeded towards closing based on a firm underwritten loan offer of $315 million plus a written offer from a public single purpose acquisition company ("SPAC") with $268 million in trust. Subsequently the SPAC failed to deliver on its promises and instead, acting with others, circumvented 4D LLC, signing a deal in November 2022 with the mobile technology company directly, leading to substantial damages which the 4D LLC started to recover in 2023 based on its written contracts and non-circumvention provisions. This is a substantial asset to utilize both for repayment of debt and recovery of the massive damages caused to 4D LLC stakeholders.

6. Following and in response to the circumvention, in January 2023, 4D LLC acquired 100% of the equity of UK-based mobile payments company, Centili, Ltd. ("Centili"), now 4D LLC's core operating company.

**Circumstances Leading to These Chapter 11 Cases**

7. Aside from the circumvention of the transaction described above (and damages arising therefrom), the primary reason for the Debtors' decision to file for Chapter 11 relief is the inability (to date) to restructure and/or refinance the debt owed to 4D LLC's primary lender, MEP Capital Holdings III LP ("MEP). MEP currently asserts a claim of approximately $4.157MM. Since loan inception, MEP has been paid in cash approximately $1.7 million on an average principal balance of approximately $3.2 million during a 22-month term, i.e., approximately 26% per annum interest. The Company took on the MEP loan in December 2021 for a number of

3

reasons including but not limited to : (1) to fund transaction expenses (accounting, legal, banking, etc.) to close the large deal it had, on which 4D LLC was ultimately circumvented (see ¶5 above), (2) to continue funding development of the video game project launched by Neon Media. Neon Media signed as the primary borrower and 4D LLC guaranteed the MEP obligation. The MEP obligations are secured by first priority liens against all of the assets of 4D LLC and Neon Media. MEP purports to also have a perfected lien upon 4D LLC's equity interests in Neon Media, Neon Machine and Centili. MEP is based in New York City and the relevant loan documents contain provisions that New York law will govern under the relevant loan documents and that the courts in the United States District Court of the Southern District of New York sitting in New York County, shall be the exclusive jurisdiction in any action or proceeding arising out of or relating to the guarantee agreement or the secured loan and security agreement.

8. Substantial efforts were made to satisfy the MEP debt prior to the Petition Date. Despite a recent payment of $400,000 (in August 2023) and multiple avenues demonstrated by the Company's management to repay the loan, MEP threatened to auction the Company's assets immediately unless the Company signed a forbearance agreement which would have given the Company only until October 31, 2023 to provide a definitive transaction to satisfy the obligations of MEP while also, among other things, waiving rights including rights under the Bankruptcy Code and providing a release to MEP. As recently as October 2, 2023, 4D LLC was invited by a prospective Buyer to negotiate a deal to sell a portion of its stock in Neon Machine, which was a transaction that could have paid MEP in full. Unfortunately, and again, due to interference and other conduct by third parties (which the Debtors are investigating) the Buyer reversed course without explanation.

9. MEP originally scheduled a UCC Article 9 sale of its collateral (including the 4D LLC equity interests in Neon Media, Neon Machine and Centili) for August 3, 2023. After receiving the payment of $400,000, the sale was canceled. However, MEP rescheduled another sale for October 12, 2023. The Company attempted to negotiate an extension providing sufficient time for the Company to maximize the value of assets, but MEP's demands in lieu of an immediate auction gave it broad discretion to seize the assets in only a few weeks, making it impossible to execute options available to the Company without additional time.

10. The Debtors are weighing multiple options available to it both prior to and continuing after the Petition Date. These options are focused both on maximizing value of assets and satisfying the obligations to MEP.

11. Accordingly, with a UCC sale pending on all of its assets, the likelihood that the sale would be well below market value of the assets, and with interest shown from perspective lenders, buyers and/or equity partners, the Debtors sought relief under Chapter 11 in order to secure the breathing room necessary to formulate a plan and to maximize the value of their assets (and the assets of the Company as a whole) for the benefit of creditors and interest holders.

**Response Pursuant to LBR 1007-2**

12. I respond to the itemized information in LBR 1007-2 as follows:

A. Contents of Declaration:

(1) the nature of the debtor's business and a concise statement of the circumstances leading to the debtor's filing under chapter 11;

**SEE ABOVE.**

(2) if the case originally was commenced under chapter 7 or chapter 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee;

**Not applicable.**

(3)    the names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in the chapter 11 case, and a brief description of the circumstances surrounding the formation of the committee and the date of its formation;

**No committee has been formed in this case.**

(4)    the following information with respect to each of the holders of the twenty (20) largest unsecured claims, excluding insiders: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the telephone number, e-mail address, the name(s) of person(s) familiar with the debtor's account, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed or partially secured;

**A list of the 20 largest unsecured creditors is annexed hereto as Exhibit A.**

(5)    the following information with respect to each of the holders of the five (5) largest secured claims: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the amount of the claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed;

> **MEP Capital Holdings III LP**
> **244 Madison Avenue #1214**
> **New York, NY 10016** **Amount of Claim:    $4.1 million (approx.)**
> **Value of Collateral:  $10,000,000-$50,000,000 (est)**
> **The claim amount is disputed, contingent and subject to setoff**
> **4D LLC is the guarantor;**
> **Neon Media is the primary borrower.**

(6)    summary of the Debtor's assets and liabilities;

**A summary schedule of the Debtor's assets and liabilities will be filed when the Debtor files its schedules with the Court.**

(7)    the number and classes of shares of stock, debentures or other securities of the debtor that are publicly held, and the number of holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held;

**Neither of the Debtors is a public company.  The Debtors do not believe that any of their shares of stock, debentures or other securities are publicly held. Three corporate entities own units of 4D LLC:  Geneva International Insurance, Inc., Goal Venture Partners, and Northern Pacific Group, but the Debtors believe that none of these entities are considered public .  Only one**

6

**of these three entities owns 10% or more of 4D LLC: Northern Pacific Group**

**4D LLC owns all of the equity in 4D Inc.. 4D LLC is not a public company.**

**Cort Javarone, the Managing Member of 4D LLC owns 1,000,000 Units of 4D LLC.**

(8)    a list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity and the court in which any proceeding relating thereto is pending;

**Not applicable.**

(9)    a list of the premises owned, leased or held under other arrangement from which the debtor operates its business;

**The Debtors lease, share, or occupy space at the following locations:**

    **57 West 57th Street, Suite 319-01, New York, NY 10019**

    **204-6 Southard St., Key West, FL 33040**

(10)    the location of the debtor's substantial assets, the location of its books and records, and the nature, location and value of any assets held by the debtor outside the territorial limits of the United States;

    **The Debtors' assets are located in New York, New York; The 4D LLC also owns companies located in Seattle, Washington, and London, UK.**

    **The Debtors' books and records are located in New York, New York and Key West, Florida.**

(11)    the nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent; and

**On the Petition Date, an Article 9 UCC sale of the 4D LLC's assets and assets of affiliate Neon Media, was scheduled by MEP for October 12, 2023.**

**Arbitrations/Petitions: NONE**

**Lawsuits: NONE**

(12)    the names of the individuals who comprise the debtor's existing senior management, their tenure with the debtor, and a brief summary of their relevant responsibilities and experience.

    **Cort Javarone, Managing Member of 4D LLC and 4D Inc.**

**Cort has over 30 years of experience in media, technology and investing. Prior to founding 4D LLC in 2017, Cort co-founded Area 52 Games, Inc. a video game development company. In 2012, Cort co-managed Social Media Investment Management LLC, a company that managed a series of funds focused on late-stage venture investing in various U.S. internet companies. Cort was also co-Founder and Managing Partner of Foresite Management LLC, an historic townhouse redevelopment company in Manhattan, NY. Cort was previously founder and CEO of DIG VIDEO, Inc., an alternative outdoor digital media company.**

(B)     Additional Information. The Debtor intends to continue its business but reserves its rights to sell any or all of its assets. In furtherance of the Debtor's operations, please be advised as follows:

(1)     the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the chapter 11 petition;

**The Debtor has no employees. Payments to Consultants and the Manager's draw has been suspended.**

(2)     the amount paid and proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition –

(i)     if the debtor is a corporation, to officers, stockholders and directors;

**No funds currently exist to pay compensation, consulting fees or Company expenses. In event of funds available at any operating companies able to be upstreamed for management services, Debtor will notify the Court.**

(ii)     if the debtor is an individual or a partnership, to the individual or the members of the partnership; and

**N/A**

(iii)     if a financial or business consultant has been retained by the debtor, to the consultant; and

**The Debtor has not retained a financial or business consultant other than Spence Law Office, P.C. Compensation to Spence Law Office is subject to Bankruptcy Court approval.**

(C)     a schedule, for the thirty (30) day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.

8

**Below is the schedule of expected cash receipts and anticipated disbursements for the 30 days after the filing of the case:**

**Cash Receipts:**            $0

**Anticipated Disbursements:**    $0

_____
Cort Javarone
President of 4D Factory Inc. and Managing Member of
The 4D Factory, LLC

# EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | The 4D Factory, LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | 23-11619 MEW |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Cadwalader Wickersham & Taft 200 Liberty Street New York, NY 10281 | Ira Schacter ira.schacter@cwt.com 212-504-6035 | Contingent Legal Fee | Contingent Unliquidated | | | $628,391.00 |
| EisnerAmper LLP 733 Third Avenue New York, NY 10017-2703 | Richard Nachmias Richard.Nachmias@eisneramper.com 212.891.4096 | Accounting Services | | | | $50,000.00 |
| Michelman & Robinson LLP 10880 Wilshire Blvd. 19th FL Los Angeles, CA 90024 | Tim Gorry tgorry@mrllp.com 310.299.5500 | Legal Services | | | | $147,000.00 |
| RSM US LLP 44 Montgomery Street Ste 3900 San Francisco, CA 94104 | Shamen Dugger shamen.dugger@rsmus.com 415-848-5371 | Consulting | | | | $60,076.00 |
| Silvio Kutic, Izabel Jelenic Roberto Kutic, c/o Infobip 35-38 New Bridge St., 5th FL London EC4V 6BW, UK | | Contingent; Debtor is guarantor | Contingent Subject to Setoff | | | $1,900,000.00 |
| Valuation Research Corp PO Box 809061 Chicago, IL 60680-9061 | Tyler Wendorf twendorf@valuationresearch.com 414-221-6241 | | | | | $15,438.00 |

Fill in this information to identify the case:

Debtor name: **4D Factory, Inc.**
United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF NEW YORK**
Case number (if known): **23-11618 MEW**

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim - If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **-NONE-** | | | | | | |