**Spence Law Office, P.C.**
Robert J. Spence, Esq. (RS3506)
Proposed Attorneys for the Debtors and
Debtors-in-Possession
55 Lumber Road, Suite 5
Roslyn, New York 11576
Tel.:(516) 336-2060

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

|  |  |
|---|---|
| 4D FACTORY, INC., et al., | Chapter 11<br>(Subchapter V)<br>Case No.: 23-11618 (MEW)<br>(Jointly Administered) |
| Debtors. [1] |  |

-------------------------------------------------------------X

**DEBTORS' APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY**
**RULE 3003(c) TO FIX A BAR DATE FOR FILING PROOFS OF CLAIM**

**TO:    THE HONORABLE MICHAEL E. WILES**
        **UNITED STATES BANKRUPTCY JUDGE:**

4D Factory, Inc., et al., the debtors and debtors-in-possession (the "Debtors"), by and through their proposed attorneys, Spence Law Office, P.C., respectfully represent as follows:

1.    On October 10, 2023 (the "Filing Date"), the Debtors filed voluntary petitions under Subchapter V of Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC's (8935).
.

2. Since the Filing Date, the Debtors have continued to operate its business and possess its properties as a debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

3. The Debtors are continuing to manage and operate their business as debtors in possession pursuant to section 1184 of the Bankruptcy Code.

4. Charles Persing has been appointed as the Subchapter V Trustee in these cases.

5. By Order dated November 2, 2023, the Court directed joint administration of the Chapter 11 Cases of 4D Factory, Inc. (Case No. 23-11618 MEW) and The 4D Factory LLC (Case No. 23-11619 MEW) for procedural purposes only.

6. By this Application, the Debtors seek the entry of an order fixing a final date by which all proofs of claims against the Debtors' estates must be filed (the "Bar Date").

7. Rule 3003(c)(3) of the Federal Rules of Bankruptcy procedure (the "Bankruptcy Rules") provides:

> <u>Time for Filing</u>. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

8. In order to accurately assess the Debtors' potential liabilities, it is necessary, among other things, for the Debtors to determine with some degree of finality, the number, amount and classes of claim which may be asserted against the Debtors' estates. Accordingly, the Debtors request that the Court enter an order fixing a Bar Date. Setting the Bar Date is essential to enable the Debtors and the other parties in interest to evaluate promptly claims against the estate.

9. Bankruptcy Rule 2002(a)(7) provides that creditors shall be given not less

than twenty-one (21) days notice by mail of the time fixed for the filing of proofs of claim or interests pursuant to Rule 3003(c).

10. In addition, the Debtors must be informed of any holder of a claim against the Debtors who disagrees with the amount or characterization of the claims set forth in the Schedules.

11. The Debtors respectfully request that the prefixed order be entered to set the Bar Date for the filing of proofs of claim against the Debtor. The prefixed order provides, inter alia, for the following:

   a. On or before the Bar Date, all creditors, individuals, partnerships, corporations, associations, asserting claims (as the term "claim" is defined in 11 U.S.C. §101(5)) against the Debtors arising prior to or which may be deemed to have arisen prior to October 10, 2023, whether such claim is fixed, liquidated, unliquidated, contingent or disputed, or based on the Debtors' primary, secondary, direct, indirect, secured, unsecured, contingent, guaranty liability, or otherwise, shall file a proof of claim, together with supporting documents, with the Clerk of the Bankruptcy Court;

   b. Any holder of a claim against the Debtors that fails to file such proof of claim on or before the Bar Date, shall be forever barred from asserting such claim against the Debtor, against property of the Debtors' estates, and against property withheld from Debtors' estates for the benefit of any creditor, and any such creditor will not be entitled to any distribution on account of that claim or to vote on any plan of reorganization proposed by or for the Debtors or from sharing in any distribution thereunder;

   c. Holders of claims whose claims are listed on the Debtors' Schedules and which are not listed as "contingent," "unliquidated" or "disputed" and who do not dispute the listed amount or characterization of their claim need not file a proof of claim:

   d. Any such claims referenced above in subparagraph (c) for which proofs of claim are not filed shall be allowed, if at all, only up to the amount listed in the Debtors' Schedules; and

3

  e.  In accordance with the terms set forth in the proposed Order, the Debtors shall: (1) mail a copy of the "Notice of Bar Date for Filing Proofs of Claim" in the form of the notice annexed as Exhibit "A" to this Motion to: (i) the United States Trustee, (ii) all known holders of claims listed on the Debtors' Schedules at the addresses stated therein, (iii) counsel to any official committees, (iv) all parties to litigation with the Debtor; (v) all parties to executor contracts and unexpired leases of the Debtor, (vi) all persons who have appeared in these proceedings and have requested notice, (vii) the Internal Revenue Service, and (iv) the New York State Department of Taxation and Finance.

  12.  The Debtors submit that no advance notice of this Motion is necessary.

  13.  No previous request for the relief requested herein has been made to this or any other Court.

  **WHEREFORE**, the Debtors respectfully request that this Court enter the prefixed order: (i) fixing the final date for the filing of proofs of claim against Debtors' estates; (ii) approving the form of the Notice annexed hereto as Exhibit "A;" and (iii) granting such other and further relief as is just and proper.

Dated: Roslyn, New York
   November 22, 2023

               Spence Law Office, P.C.
               Proposed Attorneys for Debtors and
               Debtor-in-Possession

         By: */s/ Robert J. Spence*
            Robert J. Spence, Esq.
            55 Lumber Road, Suite 5
            Roslyn, New York 11576
            Tel: (516) 336-2060

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                                                  Chapter 11

4D FACTORY INC., et al,

                                            Case Nos. 23-11618(MEW) and
                                                        23-11619 (MEW)
                      Debtor(s). [1]     (Subchapter V)
                                                        (Jointly Administered)

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

      Upon the application of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

      **ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter 11 petitions on October 10, 2023 (the "Filing Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before January 8, 2024; and it is further

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770)(Case No. 23-11618 (MEW)), and The 4D Factory LLC (8935) (Case No. 23-11619 (MEW)).
.

1

**[PROPOSED ORDER]**

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before April 8, 2024 (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at [www.nysb.uscourts.gov](www.nysb.uscourts.gov) or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, One Bowling Green, Room 614, New York, NY 10004-1408;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e) Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and it is further

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

2

(a)   Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410, so long as the claimant does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Proof of Claim must be filed;

(b)   Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)   Any claim that heretofore has been allowed by Order of this Court;

(d)   Any claim that has been paid in full by any of the Debtors;

(e)   Any claim for which different specific deadlines have previously been fixed by this Court;

(f)   Any claim by a Debtor against another Debtor, or any claim by any of the non-debtor subsidiaries of The 4D Factory LLC having a claim against any of the Debtors;

(g)   Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, except as otherwise provided below;

**ORDERED,** Claims under section 503(b)(9) must be filed by the deadlines set forth in this Order, and it is further;

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an

3

executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interest, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved

and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

    (a)    The United States Trustee;

    (b)    Counsel to each official committee;

    (c)    All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

    (d)    All persons or entities that have filed claims;

    (e)    All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

    (f)    All parties to executory contracts and unexpired leases of the Debtors;

    (g)    All parties to litigation with the Debtors;

    (h)    The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

    (i)    Such additional persons and entities as deemed appropriate by the Debtors; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: _____, New York
_____, 20\_\_

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                                        Chapter 11

4D FACTORY INC., et al,

                                                                              Case Nos. 23-11618(MEW) and
                                                                                                 23-11619 (MEW)
                        Debtor(s). [1]                                        (Subchapter V)
                                                                              (Jointly Administered)

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF
CLAIM ON OR BEFORE JANUARY 8, 2024**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST
4D FACTORY INC. and THE 4D FACTORY LLC**

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **January 8, 2024** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtors listed above (the "Debtors").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to October 10, 2023, the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. Governmental units may have until April 8, 2024, the date that is one hundred eighty (180) days after the order for relief, to file proofs of claim.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to October

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770)(Case No. 23-11618 (MEW)), and The 4D Factory LLC (8935) (Case No. 23-11619 (MEW)).
.

1

**[PROPOSED NOTICE]**

10, 2023 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.     **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; The Debtors are enclosing a proof of claim form for use in these cases. Additional proof of claim forms may be obtained at [www.uscourts.gov/forms/bankruptcy-forms.](http://www.uscourts.gov/forms/bankruptcy-forms)

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the

2

specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth in the case caption above.

### 3. WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before January 8, 2024.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 614**
> **New York, New York 10004-1408**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

### 4. CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

You do **not** need to file a proof of claim on behalf of a claim on or prior to the Bar Date if the claim falls into one of the following categories:

> (a) Any claim that has already been asserted in a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless you wish to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed);

3

(b)    Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules <u>and</u> (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any claim that previously been allowed by Order of the Court;

(d)    Any claim that has been paid in full by any of the Debtors;

(e)    Any claim for which a different deadline has previously been fixed by this Court;

(f)    Any claim by one Debtor against another Debtor, or by any of the non-debtor subsidiaries of The 4D Factory LLC against any of the Debtors;

(g)    Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estates;

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____, 2023, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with

4

respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained

through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 614, New York, New York 10004-1408. Copies of the Debtors' Schedules may also be obtained by written request to Debtors' counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York                                          **BY ORDER OF THE COURT**

_____, 2023


Spence Law Office, P.C.

By: /s/ Robert J. Spence
Robert J. Spence, Esq.
55 Lumber Road, Suite 5
Roslyn, New York 11576
Tel: (516) 336-2060

*Proposed Attorneys for Debtors and
Debtor-in-Possession*