Hearing Date and Time: TBD
Objection Deadline: TBD

**JENNER & BLOCK LLP**
Todd C. Toral
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100

Richard Levin
Jacob D. Alderdice
Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel for Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend, on behalf of Neon Machine, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* <br><br> THE 4D FACTORY, LLC, *et al.*, <br><br> *Debtors.*[1] | Chapter 11 <br><br> No. 23-11618 (MEW) (Subchapter V Cases) <br><br> (Jointly Administered) |

**NOTICE OF NEON SHAREHOLDERS' MOTION TO SCHEDULE
EXPEDITED HEARING AND SHORTEN NOTICE FOR MOTION FOR
AN ORDER DECLARING AUTOMATIC STAY INAPPLICABLE, OR IN THE
ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend (together, the "**Neon Shareholders**") will request a hearing on the annexed motion (the "**Motion to Shorten Time**") to schedule an expedited hearing and shorten notice with respect to the Neon Shareholders' *Motion for an Order Declaring Automatic Stay*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC's (8935). As used herein, the "Debtor" refers to The 4D Factory LLC.

*Inapplicable, or in the Alternative, Granting Relief from Automatic Stay* (the "**Automatic Stay Motion**") before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 617, One Bowling Green, New York, New York 10004-1408 as soon as counsel may be heard.

Dated: December 4, 2023                                    /s/ *Todd C. Toral*

**JENNER & BLOCK LLP**
Richard Levin
Jacob D. Alderdice
Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600
rlevin@jenner.com
jalderdice@jenner.com
cwedoff@jenner.com

Todd C. Toral
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100
ttoral@jenner.com

*Counsel for Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend, on behalf of Neon Machine, Inc.*

JENNER & BLOCK LLP
Todd C. Toral
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100

Richard Levin
Jacob D. Alderdice
Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel for Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend, on behalf of Neon Machine, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:*<br>THE 4D FACTORY, LLC, *et al.*,<br>Debtors.[1] | Chapter 11<br>No. 23-11618 (MEW) (Subchapter V Cases)<br>(Jointly Administered) |

**NEON SHAREHOLDERS' MOTION TO SCHEDULE
EXPEDITED HEARING AND SHORTEN NOTICE FOR MOTION FOR
AN ORDER DECLARING AUTOMATIC STAY INAPPLICABLE, OR IN THE
ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY**

Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend (together, the "**Neon Shareholders**"), respectfully submit this motion to schedule an expedited hearing and shorten notice (the "**Motion to Shorten Time**") with respect to the Neon Shareholders' *Motion for an Order Declaring Automatic Stay Inapplicable, or in the Alternative, Granting Relief from Automatic Stay* (the "**Automatic Stay Motion**") to continue certain state

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC's (8935). As used herein, the "Debtor" refers to The 4D Factory LLC.

court litigation in Delaware Chancery Court purportedly involving the Debtor (the "**Derivative Action**"). In support of this Motion to Shorten Time, the Neon Shareholders respectfully represent as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This Motion to Shorten Time is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper before the Court pursuant under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the requested relief are Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), 9006 1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers Rules.

**Background**

4. The six Neon Shareholders are co-founders, officers, and managers of the innovative gaming studio Neon Machine, Inc. ("**Neon**"). Neon Directors Cort Javarone, Scott Honour, and Steven Horowitz (the "**Director Defendants**") all own equity in The 4D Factory, LLC ("**4D**" or the "**Debtor**") and hold their seats on Neon's Board due to the Debtor's sixty-percent control of Neon's common stock.

5. In 2021, Neon's Board approved Neon entering Simple Agreements for Future Equity ("**SAFEs**") with Griffin Gaming Partners II, L.P. ("**Griffin**") and Polychain Ventures II LP ("**Polychain**"), two key outside investors who funded Neon with millions of dollars and in return, received the contractual right to the automatic issuance of preferred shares in Neon upon the occurrence of certain events. Yet when those events occurred by June 29, 2023, if not earlier, the

2

Director Defendants refused to recognize the SAFE conversion for the sole reason that doing so could lead to their loss of control of Neon's Board.

6. In August 2023, Director Defendant Cort Javarone approached Neon Shareholder and Neon's then-CEO Mark Long to ask for the Debtor's common shares in Neon to be bought out. Declaration of Jacob D. Alderdice ("**Alderdice Decl.**") Ex. 1 (Verified Complaint) ("**Compl.**") ¶ 81. Mr. Long refused. Neon was actively engaged in critical fundraising as it prepared for the upcoming launch of its flagship video game, and having Neon's common shares repurchased would cause a distraction. *Id.* In retaliation, Mr. Javarone removed Mr. Long from Neon's Board of Directors and replaced Mr. Long with Director Defendant Scott Honour, who had no prior experience with Neon or any of the relevant industries. *Id.* ¶ 82.

7. Concerned by this turn of events, Griffin wrote a letter to Neon's Board on September 14, 2023, demanding that Neon honor its contractual obligations and issue preferred shares to Griffin as required by the SAFEs. At the direction of the directors appointed by the Debtor, the Neon Board ignored Griffin's demand letter. And despite repeated demands from the other Neon Board Directors and the Neon Shareholders, the Director Defendants continued to refuse to recognize the automatic conversion of the SAFEs. Compl. ¶ 85.

8. On October 10, 2023, the Debtor commenced this chapter 11 case of the Bankruptcy Code and elected to proceed under subchapter V. On November 7, 2023, with Neon facing significant potential liability to its outside investors, its recalcitrant Board members acting against Neon's best interests, and the majority holder of Neon's common stock in bankruptcy, Neon engaged the undersigned counsel to provide advice to Neon and guide it through these issues. *Id.* ¶ 91. Soon after, Neon, through counsel, wrote to Mr. Javarone explaining the potential harm to Neon posed by its refusal to recognize the SAFE conversion. *Id.* ¶ 92.

9. Rather than respond to the letter, the Director Defendants proceeded to immediately retaliate against Mr. Long for this action. On November 13, 2023, the Director Defendants voted to suspend Mr. Long as CEO, appointed Mr. Javarone as his putative interim replacement, and terminated Neon's engagement of counsel. *Id.* ¶ 93.

10. As "interim CEO," Mr. Javarone immediately began taking actions that are harming and will continue to harm Neon, including attempting to seize control of Neon's bank accounts and imposing a restriction on any expenditure over $5,000 without his and Mr. Honour's approval, and threatening to discipline key Neon officers. *Id.* ¶ 94. Moreover, the Board continues to refuse to recognize the SAFE holders' contractual rights to preferred shares in Neon, thus exposing Neon to significant legal liability and cutting off any future fundraising as Neon approaches the launch of its flagship product later this month.

11. On November 27, 2023, to prevent and remedy imminent and ongoing harm inflicted upon Neon by the Director Defendants after the commencement of the Bankruptcy Action, the Neon Shareholders brought the Derivative Action, The Derivative Action—which neither names the Debtor as a Defendant nor seeks any relief from the Debtor—seeks declaratory and injunctive relief to prevent or remedy the breaches of fiduciary duties committed by the Director Defendants.

12. Concurrently with the filing of the Verified Complaint, the Neon Shareholders moved to expedite the proceedings in the Derivative Action pursuant to Rules 42(b) and 173 of the Rules of the Delaware Court of Chancery. The motion sought a trial within three months, based on the imminent and ongoing harm to Neon, and was scheduled to be heard by the court on December 12, 2023.

13. On November 30, 2023, counsel for the Debtor sent a letter to the Neon Shareholders demanding that they—six non-debtor individuals suing on behalf of a non-debtor entity—abandon their claims against three non-debtor defendants, alleging that the Delaware Action somehow violates the automatic stay afforded the Debtor in the Bankruptcy Action under Bankruptcy Code section 362(a). *See* Alderdice Decl. Ex. [#]. The Director Defendants' legally and factually baseless demand prompted the Neon Shareholders to submit their concurrently filed Automatic Stay Motion.

**Facts Specific to the Relief Requested**

14. Counsel for the Neon Shareholders promptly contacted the Court to request that the Automatic Stay Motion be heard on normal notice on December 18, 2023 or the earliest date thereafter. Counsel understands from correspondence with the Court's staff that the earliest available hearing date on regular notice is January 17, 2024. If the Court were available to hear the Automatic Stay Motion during the 2023 calendar year, the Neon Shareholders would not need to seek an expedited hearing. However, delaying a hearing on the Automatic Stay Motion until January 17, 2024 would cause serious and irreparable harm to Neon and the Neon Shareholders, as Neon's long-planned video game launch is scheduled to take place in December 2023. The Director Defendants' conduct threatens Neon's survival as a company, and it is imperative that the Automatic Stay Motion be heard this calendar year to prevent existential harm to Neon.

15. Because of the Director Defendants' conduct, Neon and the Neon Shareholders are experiencing operational, reputational, and legal harm that worsens with each passing day. By failing to abide by their fiduciary duties and instead pursuing their own personal benefits, the Director Defendants are exposing Neon to contractual liabilities from its third-party investors and

5

hindering Neon's fundraising efforts. The Director Defendants have most recently begun seeking to take control of Neon's bank accounts, and impose restrictions on expenditures above $5,000.

16. The Neon Shareholders have worked for over two years to build their flagship video game, and all of their efforts are culminating with their highly anticipated game launch set to take place this month. Thus, the above-described misconduct is taking place at the worst possible moment in Neon's history, and must be remedied as promptly as possible. This timing makes it essential for a hearing on the Automatic Stay motion to occur on any available date in December 2023. Counsel for the Neon Shareholders understand the Court's one available date to be December 13, 2023.

17. In sum, absent a hearing on the Automatic Stay Motion on shortened notice, the Director Defendants will sabotage and potentially destroy Neon, an entity that each Neon Shareholder has worked tirelessly to build.

18. Accordingly, the Neon Shareholders respectfully submit this Motion to Shorten so that the Court may consider their Automatic Stay Motion on an expedited basis.

### Relief Requested and Basis for Relief

19. Local Bankruptcy Rule 9006-1(b) require motions to be served "at least fourteen (14) days before the return date." Bankruptcy Rule 9006(c)(1) allows the Court, with or without a motion, to reduce any notice period "for cause shown."

20. The Neon Shareholders respectfully submit that the circumstances warrant shortening notice of the Automatic Stay Motion. As explained above, counsel for the Neon Shareholders understand that the earliest available hearing date for the Automatic Stay Motion on

regular notice is January 17, 2024.[2] Any date in the period from December 18, 2023 through and including December 29, 2023 would be adequate, and if such a date were available, the Neon Shareholders would not seek an expedited hearing.[3] But delaying a hearing on the Automatic Stay Motion until January 17, 2024 would exacerbate the serious and irreparable harm to Neon and the Neon Shareholders that is already occurring.

21. For these reasons and those described above, the Neon Shareholders respectfully request that the Court shorten the notice period and fix the date and time for an expedited hearing on the Automatic Stay Motion filed contemporaneously.

22. Specifically, the Neon Shareholders respectfully ask this Court to hear the Automatic Stay Motion on **December 13, 2023 at 10 a.m. (Eastern Time)** and set the objection deadline for the Automatic Stay Motion for **December 11, 2023 at 4:00 p.m. (Eastern Time)**. In support of this Motion to Shorten, the Neon Shareholders submit the Declaration of Jacob D. Alderdice, attached as Exhibit A. A proposed order granting this Motion to Shorten Time is attached as Exhibit B.

---

[2] Scheduling the Automatic Stay Motion on January 17, 2024—44 days after the filing date—potentially conflicts with Bankruptcy Code section 362(e)(1) and Local Rule 4001-1, which require a hearing date within 30 days after a motion for stay relief is filed. Collier on Bankruptcy ¶ 362.08 (16th ed. 2023) ("Section 362(e)(1) requires that 30 days after a request for relief from the stay of any act against property of the estate the stay be automatically vacated unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing."); Local Rule 4001-1(a) ("A party moving for relief from the automatic stay under section 362 of the Bankruptcy Code must obtain a return date for the motion that is not more than thirty (30) days after the date on which the motion will be filed.").

[3] Indeed, while the Neon Shareholders would prefer to proceed expeditiously, if the Court's availability changes and a hearing date between December 18 and December 29, 2023 becomes available, the Neon Shareholders agree to withdraw this Motion to Shorten Time and proceed on one of those dates.

7

## Notice

23. Notice of this Motion has been provided to the United States Trustee, the subchapter V trustee, counsel for the Debtor, and all parties requesting notice in these chapter 11 cases under Bankruptcy Rule 2002. The Neon Shareholders respectfully submit that further notice of this Motion to Shorten Time is neither required nor necessary, and that given the nature of the requested relief, no other or further notice need be provided.

## Conclusion

WHEREFORE, the Neon Shareholders respectfully request that the Court approve this Motion to Shorten Time and schedule the hearing on the Automatic Stay Motion as requested herein, and grant the Neon Shareholders such other and further relief as may be just and proper.

Dated: December 4, 2023                                Respectfully submitted,

By: /s/ *Todd C. Toral*
JENNER & BLOCK LLP
Todd C. Toral
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100
ttoral@jenner.com

Richard Levin
Jacob D. Alderdice
Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600
rlevin@jenner.com
jalderdice@jenner.com
cwedoff@jenner.com

*Counsel for Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend, on behalf of Neon Machine, Inc.*