JENNER & BLOCK LLP
Todd C. Toral
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100

Richard Levin
Jacob D. Alderdice
Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel for Mark Long, Colin Foran, Naomi Lackaff,
Aaron Nonis, Don Norbury, and Mark Yeend, on behalf
of Neon Machine, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE 4D FACTORY, LLC, *et al.*,<br><br>Debtor.[1] | Chapter 11<br><br>No. 23-11618 (MEW) (Subchapter V Cases)<br>(Jointly Administered) |

**NEON SHAREHOLDERS'
MOTION TO FILE EXHIBITS UNDER SEAL**

Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend (together, the "**Neon Shareholders**") file this motion under sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), seeking an Order, substantially in the form attached hereto as Exhibit A, authorizing the Neon Shareholders to file under seal the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC's (8935). As used herein, the "Debtor" refers to The 4D Factory LLC.

Simple Agreements for Future Equity (together, the "**SAFEs**"), Neon's January 13, 2023 Board Resolutions, ("**Board Resolutions**"), and the Demand Letter sent to Neon by Griffin Gaming Partners II, L.P. on September 14, 2023 (the "**Griffin Demand Letter**"). The Neon Shareholders respectfully represent as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in the Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

3. The six Neon Shareholders are co-founders, officers, and managers of the innovative gaming studio Neon Machine, Inc. ("**Neon**"). Neon Directors Cort Javarone, Scott Honour, and Steven Horowitz (the "**Director Defendants**") all own equity in The 4D Factory, LLC ("**4D**" or the "**Debtor**") and hold their seats on Neon's Board due to the Debtor's sixty-percent control of Neon's common stock.

4. On October 10, 2023, the Debtor commenced this chapter 11 case of the Bankruptcy Code and elected to proceed under subchapter V (the "**Bankruptcy Action**").

5. On November 7, 2023, with Neon facing significant potential liability to its outside investors, its recalcitrant Board members acting against Neon's best interests, and the majority holder of Neon's common stock in bankruptcy, Neon engaged the undersigned counsel to provide advice to Neon and guide it through these issues. However, in the subsequent two weeks, the Director Defendants suspended Neon's CEO in retaliation for raising concerns regarding whether they were acting in Neon's best interests, and began taking other harmful actions towards Neon.

6. On November 27, 2023, the Neon Shareholders brought a derivative action on behalf of Neon (the "**Derivative Action**") because of the imminent and ongoing harm inflicted upon Neon by the Director Defendants after the commencement of this chapter 11 bankruptcy case. The Derivative Action—which neither names the Debtor as a Defendant nor seeks any relief from the Debtor—seeks declaratory and injunctive relief to prevent or remedy the breaches of fiduciary duties committed by the Director Defendants. The Complaint filed in the Derivative Action attaches as exhibits the SAFEs, Board Resolutions, and Griffin Demand Letter that are at issue in this Motion.

7. On November 30, 2023, counsel for the Debtor sent a letter to the Neon Shareholders demanding that they—six non-debtor individuals suing on behalf of a non-debtor entity—abandon their claims against three non-debtor defendants, alleging that the Delaware Action somehow violates the automatic stay afforded the Debtor in the Bankruptcy Action under Bankruptcy Code section 362(a). *See* Declaration of Jacob D. Alderdice in Support of Automatic Stay Motion, Ex. 7. The Director Defendants' legally and factually baseless demand prompted the Neon Shareholders to submit their concurrently filed Automatic Stay Motion.

8. The SAFEs, Board Resolutions, and Griffin Demand Letter, which lie at the heart of the Neon Shareholders' claims in the Derivative Action, constitute sensitive, confidential commercial information. In particular, these documents contain confidential commercial information related to Neon's fundraising efforts for the development of its flagship video game, including, but not limited to, the amount of third party's investments, a valuation cap, and a discount rate.

**RELIEF REQUESTED**

9. By this Motion, the Neon Shareholders seek an Order, substantially in the form attached hereto, providing that the Neon Shareholders shall submit unredacted, sealed versions of the SAFEs, Board Resolutions, and Griffin Demand Letter to the Clerk of this Court and file redacted versions of such documents on the public docket, redacting the information required under subparagraph two of the first ORDERED paragraph of the Proposed Order. The Neon Shareholders request that only the Director Defendants, the Director Defendants' counsel, the Court, its employees, the United States Trustee and any person employed in the office of the United States Trustee have access to the unredacted versions of the SAFEs, Board Resolutions, and Griffin Demand Letter, which shall otherwise remain under seal.

10. The Neon Shareholders request that the requested seal order remain in effect until the closure of this proceeding. Upon the closing of this proceeding, the Neon Shareholders will retrieve the unredacted, sealed copies of the SAFEs, Board Resolutions, and Griffin Demand Letter.

**BASIS FOR RELIEF**

11. Section 107(b) of the Bankruptcy Code permits a Court to direct that confidential information contained in pleadings be sealed: "On request of a party in interest, the bankruptcy court *shall* … protect an entity with respect to a trade secret or confidential research, development, or commercial information; or protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b) (emphasis added). Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers to "issue any order … that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a),

23-11618-mew    Doc 33    Filed 12/04/23    Entered 12/04/23 14:21:18    Main Document
Pg 5 of 11


including sealing orders and "confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

12. Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …." Fed. R. Bankr. P. 9018. "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.'" *Global Crossing*, 295 B.R. at 724. This "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.*

13. Section 107(b) requires the Court to seal confidential commercial information. "Commercial information" includes information that would give "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor," and the "need for protection of commercial information may have greater force when dealing with non-debtor property." *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)); *In re 1031 Tax Group, LLC*, 2007 Bankr. LEXIS 2221, *6 (Bankr. S.D.N.Y. June 22, 2007) (unpublished). Information whose disclosure would place a party at a disadvantage in marketing and sale of their products or services qualifies as confidential commercial information. *See In re Farmland Indus.*, 290 B.R. 364 (Bankr. W.D. Mo. 2003); *In re 1031 Tax Group*, Bankr. LEXIS 2221, *6 (information that could have been analyzed and potentially used by competitors to interfere with ongoing negotiations); *In re El Toro Exterminator of Fla., Inc.*, 2006 Bankr. LEXIS 2427 (Bankr. S.D. Fla. July 6, 2006) (confidential

pricing information). Thus, consideration of the effects of disclosure of purported confidential commercial information is relevant under section 107(b). *In re Georgetown Steel Co., LLC*, 306 B.R. 542 (Bankr. D.S.C. 2004). Information need not be a trade secret to qualify as confidential commercial information, nor does it require the same level of confidentiality. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24 (2d Cir. 1994).

14. If information is confidential commercial information, then on request of a party in interest, section 107(b) requires the Court to protect the information. *In re Orion Pictures*, *supra*, at 27. The party need not show "cause" to obtain the protection. *Id.* at 28.

15. Here, the SAFEs, Board Resolutions, and Griffin Demand Letter should be sealed because they contain confidential commercial information related to Neon's fundraising efforts to develop its flagship, innovative video game that incorporates blockchain technology. The disclosure of this information would put Neon at a significant disadvantage in the marketing of its aforementioned video game and future fundraising, both of which are critical to Neon's business operations. Indeed, the Director Defendants' illegal conduct at issue in the Derivative Action is so harmful to the Neon Shareholders in part because it is happening as Neon prepares to launch its flagship product. Such efforts, already severely compromised by the Director Defendants' actions, would be further hampered by the disclosure of the confidential commercial information in the SAFEs, Board Resolutions, and Griffin Demand Letter.

16. The Neon Shareholders intend to file redacted versions of these three exhibits on the public docket, with only minimal redactions as necessary to prevent the disclosure of the confidential commercial information.

17. For all these reasons, the Neon Shareholders respectfully request that it be permitted to file the SAFEs, Board Resolutions, and Griffin Demand Letter in this proceeding under seal in the manner provided under the Bankruptcy Rules and Local Bankruptcy Rules.

## NOTICE

18. The Neon Shareholders have provided notice of this Motion to the United States Trustee and to the other parties to this proceeding by filing this Motion through ECF.

(*Signature page follows.*)

## CONCLUSION

WHEREFORE, the Neon Shareholders respectfully request that this Court issue its Order, substantially in the form attached hereto, authorizing the Neon Shareholders to file the SAFEs under seal with the Clerk and file redacted copies of the SAFEs on the public docket, and granting all other just and proper relief.

Dated: December 4, 2023                                   Respectfully submitted,

                                                          By: /s/ **_Todd C. Toral_**

                                                          JENNER & BLOCK LLP
                                                          Todd C. Toral
                                                          515 South Flower Street, Suite 3300
                                                          Los Angeles, CA 90071
                                                          (213) 239-5100
                                                          ttoral@jenner.com

                                                          Richard Levin
                                                          Jacob D. Alderdice
                                                          Carl N. Wedoff
                                                          1155 Avenue of the Americas
                                                          New York, New York 10036
                                                          (212) 891-1600
                                                          rlevin@jenner.com
                                                          jalderdice@jenner.com
                                                          cwedoff@jenner.com

                                                          *Counsel for Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend, on behalf of Neon Machine, Inc.*

# EXHIBIT A

# PROPOSED ORDER

9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE 4D FACTORY, LLC, *et al.*,<br><br>*Debtor*.[1] | Chapter 11<br><br>No. 23-11618 (MEW) (Subchapter V Cases)<br>(Jointly Administered) |

### ORDER AUTHORIZING THE NEON SHAREHOLDERS
### TO FILE SAFES UNDER SEAL

Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend (together, the "**Neon Shareholders**") submitted a Motion for an order authorizing them to file under seal the Simple Agreements for Future Equity (together, the "**SAFEs**"), Neon's January 13, 2023 Board Resolutions ("**Board Resolutions**"), and the Demand Letter drafted by Griffin Gaming Partners II, L.P. on September 14, 2023 (the "**Griffin Demand Letter**"), related to their concurrently filed Automatic Stay Motion. The Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor, the Court ORDERS:

1. The Motion is granted to the extent set forth in this Order.

2. Under sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, the Neon Shareholders are authorized to file the SAFEs, Board

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC's (8935). As used herein, the "Debtor" refers to The 4D Factory LLC.

10

Resolutions, and Griffin Demand Letter under seal. The Neon Shareholders shall submit an unredacted copy of each sealed document to the Clerk of this Court under seal in an envelope marked to indicate that the same has been filed under seal by Order of this Court. The Neon Shareholders shall file a redacted version of each sealed document on the public docket.

3. The sealed, unredacted versions of such document shall be made available only to: (a) the Court and its employees; (b) the United States Trustee and any person employed in the office of the United States Trustee; and (c) Cort Javarone, Scott Honour, and Steven Horowitz (the "**Director Defendants**") and counsel to the Director Defendants.

4. This Order is without prejudice to the right of any party in interest or the United States Trustee to seek to unseal any document or any component thereof.

5. The unredacted versions shall not be made available to any party without the sealing party's consent, may not be filed on the public docket, and shall remain under seal until the closing of the case, entry of the final decree, or other order of the Court. Upon closure, the Clerk's Office is authorized and shall permanently dispose of any hard copies and electronic storage devices containing documents that have been filed under seal.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: December __, 2023

                                                      Honorable Michael E. Wiles
                                                    United States Bankruptcy Judge