## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| *In re*: | : | Chapter 11 |
|  | : |  |
|  | : | No. 23-11618 (MEW) |
| 4D FACTORY, INC., *et al.*, | : |  |
|  | : | (Subchapter V Cases) |
| Debtors.[1] | : |  |
|  | : | (Jointly Administered) |

------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF NEON SHAREHOLDERS FOR ENTRY OF AN ORDER FOR RELIEF FROM PRIOR ORDER GRANTING RELIEF FROM STAY, OR, IN THE ALTERNATIVE, GRANTING RENEWED RELIEF FROM AUTOMATIC STAY**

WHEREAS, by motion duly and timely filed (the "Motion"), Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, and Mark Yeend (collectively, the "Neon Shareholders") seek entry of an order for relief from this Court's Stay Order, [ECF No. 50], to prosecute that certain state court litigation in Delaware Chancery Court entitled *Long et al. v. Javarone et al.*, Case No. 2023-1186 (Del. Ch. Nov. 27, 2023) (the "Delaware Action") in its entirety to resolve non-debtor Neon Machine, Inc.'s ("Neon") corporate governance issues, specifically to determine and effectuate Neon's proper directors;

WHEREAS, this Court previously granted the Neon Shareholders certain relief from the automatic stay, 11 U.S.C. § 362(a), for cause, to permit the Delaware Action to proceed as to whether "Network Launch" had occurred;

WHEREAS, it appearing that this Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157, 1334(b);

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

WHEREAS, it further appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court having found that proper and adequate notice of the Motion and the requested relief has been provided in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and that, except as otherwise ordered herein, no other or further notice is necessary; and

WHEREAS, this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The automatic stay pursuant to section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), does not apply to the Delaware Action captioned *Long, et al. v. Javarone, et al.*, Del. Ch. Ct. Case No. 2023-1186, and any related proceeding such that the automatic stay does not prevent non-debtor Neon Machine, Inc., its shareholders, or any other non-debtor from taking corporate acts consistent with any ruling in the Delaware Action or any other legal action necessary to bring claims against the Non-Debtor Defendant Directors[2] and resolve the corporate governance dispute as to Neon Machine, Inc.

3.      The terms and conditions of this Order shall be immediately effective and enforceable.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

---

[2] Capitalized terms not defined herein have the meanings given to such terms in the Motion.

**SO ORDERED**

Dated: February __, 2024

_____
Hon. Michael E. Wiles
UNITED STATES BANKRUPTCY JUDGE